**MILLENNIUM MARKETING GROUP LLC, et al., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. CIV.A. H–06–00962.

United States District Court,
S.D. Texas,
Houston Division.

Sept. 29, 2006.

Brian L. Cinelli, Edward D. Fickess, Randall P. Andreozzi, Marcus Andreozzi et al., Williamsville, NY, David P. Marcus, Marcus Andreozzi LLP, Clarence, NY, for Plaintiffs.

Michael J. Salem, Brittney Nicole Campbell, US Department of Justice, Washington, DC, for Defendant.

### *MEMORANDUM OPINION AND ORDER*

HOYT, District Judge.

### I. Introduction

Pending before the Court is the defendant United States of America's ("United States") motion for a protective order and the plaintiffs, Millennium Marketing Group, LLC and The Millennium Multiple Employer Welfare Benefit Plan's ("Millennium"), cross motion to compel production. Having considered the motions, pleadings and applicable authorities, this Court determines that the United States' motion should be denied and that Millennium's motion should be denied in part and granted in part.

### II. Factual Background

*Millennium Marketing Group, LLC* is a Mississippi limited liability company that serves as the sponsor of The Millennium Multiple Employer Welfare Benefit Plan. The Millennium Plan is a Mississippi taxable trust domiciled in Oklahoma. Millennium's benefit plan is funded by several hundred participating employers and the trust holds the plan's assets on behalf of its participants. The plan purports to offer favorable tax treatment under the Internal Revenue Code provisions that govern the deduction of contributions to employer-funded benefit plans. In October 2004, after conducting its own analysis, Millennium requested from the United States a Private Letter Ruling seeking a determination as to whether the Plan satisfied the requirements of those provisions.[1] As a result of that request, Millennium and the United States began discussions regarding the Plan.

In mid–2005 the United States stopped communicating with Millennium and began audits of Millennium Plan participants. In July 2005, the United States provided a list of "promotions" that the IRS considered to be abusive to parties in an unrelated tax proceeding; the list included the Millennium Plan. In September 2005, Millennium contacted the United States to express its concern over the disclosure of information to third parties and to request information related to those disclosures. The United States responded that the proper procedure was for Millennium to request the information under the Freedom of Information Act ("FOIA"). In October 2005, Millennium submitted a FOIA request that included a request for information related to the United States' treatment of the Millennium Plan. That same month, the United States published a "Global Settlement Initiative" that was sent to Millennium Plan participants and that included transactions that it considered to be abusive. In December 2005, officials with the IRS notified Millennium that it would be unable to reply to the FOIA request within the statutory time frame and advised Millennium of the right to file a lawsuit with respect to the FOIA request. In its notification letter, the United States did not include any FOIA exemptions on which it was relying to withhold the information. On March 23, 2006, Millennium filed a lawsuit against the United States for disclosure of tax infor-

1. The United States has not made a determination as to whether the plan satisfies those requirements.

mation in violation of the Internal Revenue Code, disclosure of personal information in violation of the Privacy Act and failure to provide records in violation of the Freedom of Information Act.[2] On March 31, 2006, Millennium was informed that the United States was considering penalties and injunctions for transactions related to the Millennium Plan.

In its suit, Millennium alleges that the United States informed participants and third parties that the Millennium Plan is an abusive tax shelter without ever having made that determination. It also alleges that disclosures related to its tax information were made without its consent or authorization in violation of the Internal Revenue Code. The United States has denied making any wrongful disclosures.

### III. Contentions of the Parties

The United States presents two arguments in support of its motion for a protective order. First, it argues that Millennium cannot obtain through discovery the same documents that are the subject of the FOIA claim. Second, it argues that Millennium's discovery requests are irrelevant to Millennium's claims and that the requests are not reasonably calculated to lead to the discovery of admissible evidence.

Millennium contends, on the other hand, that a protective order is unwarranted and has countered with a motion to compel production. It has also requested that the defendant be ordered to answer interrogatories and to produce a privilege log. First, Millennium argues that FOIA cannot be used by the United States as a shield for the documents that are responsive to Millennium's wrongful disclosure claim and that the United States has provided no legal authority for such a proposition. Second, it argues that its discovery requests are relevant because the discovery requests focus on the disclosures of tax information related to Millennium and the circumstances surrounding those disclosures. Millennium also argues that the United States has made no effort to describe the information being withheld so that a determination on relevance can be made.

### IV. Standard of Review

A party may obtain discovery of any relevant matter, not otherwise privileged, including requests for information that appear "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b). A court, upon motion and a showing of good cause, may issue a protective order to prohibit or limit discovery. Fed.R.Civ.P. 26(c). The court has broad discretion respecting discovery. *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549 (5th Cir.2000). Courts have broadly construed relevance and have recognized the liberal scope of discovery. *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir.1991). However, federal law recognizes a limited qualified privilege from discovery for confidential government information. *Id.* at 1159–60; *see also Landry v. FDIC*, 204 F.3d 1125, 1135 (D.C.Cir.2000) (describing the law enforcement and deliberative process privileges as qualified executive privileges).

The Freedom of Information Act is intended to promote a more open and transparent government through the disclosure of government information. *Dep't of the Air Force v. Rose*, 425 U.S. 352, 360–62, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976). Although FOIA and civil discovery both involve the disclosure of information, FOIA and discovery disclosures serve two different purposes. *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 151, 110 S.Ct. 471, 107 L.Ed.2d 462 (1989). While FOIA does permit the withholding of certain classes of information from disclosure, the burden is on the agency to show that a FOIA exemption applies. *Cooper Cameron Corp. v. U.S. Dep't of Labor*, 280 F.3d 539, 543 (5th Cir.2002) (citing *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 755, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989)). Moreover, an exemption available under FOIA does not necessarily preclude discovery. *United States v. Murdock*, 548 F.2d 599, 602 (5th Cir.1977). FOIA does, however, recognize an exemption from disclosure of information

---

2. Millennium's second cause of action, the Privacy Act claim, was dismissed without prejudice.

Millennium is in the process of joining additional plaintiffs as parties.

protected from discovery, such as information protected by the attorney-client, work product and deliberative process privileges. 5 U.S.C. § 552(b)(5) (2000); *see also Judicial Watch v. Rossotti*, 285 F.Supp.2d 17, 23 (D.D.C.2003) (citing *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149–50, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975)).

If a motion for a protective order is denied, a court may order that any party provide discovery. Fed.R.Civ.P. 26(c). If a party fails to provide discovery as required by Rule 26 and upon a showing of a good faith effort to resolve the discovery dispute before requesting court action, the party requesting discovery may move for an order compelling discovery. Fed.R.Civ.P. 37(a)(2)(A). Before compelling discovery, a court should determine whether withheld information falls within a privileged category. *In re U.S. Dep't of Homeland Security*, 2006 U.S.App. LEXIS 19603, at *11–13 (5th Cir. Aug. 2, 2006); *Coughlin*, 946 F.2d at 1159–60.

## V. Analysis and Discussion

■ The United States maintains that discovery cannot be permitted because it would short-circuit the FOIA process. The burden of exempting information from FOIA disclosure is on the agency. *Cooper Cameron Corp.*, 280 F.3d at 543. The United States has failed to meet this burden. The United States does not cite any FOIA exemptions on which it relies for withholding documents. Moreover, the United States has not provided any description of withheld documents on which this Court can determine whether an exemption from disclosure applies.[3]

In addition, FOIA and discovery under the Federal Rules of Civil Procedure serve two separate purposes and operate under two different designs. *John Doe Agency*, 493 U.S. at 151, 110 S.Ct. 471. Under either design, however, the United States has not met its burden for withholding discovery because it has provided no basis upon which its determination to withhold documents may rest. Other than a table cross-referencing

Millennium discovery and FOIA requests, the United States has provided no specific grounds for withholding the information that Millennium seeks. In its motion the United States argues only that because Millennium has made a FOIA request it is precluded from receiving the same documents through discovery.

■ In its second argument the United States contends that the documents requested by Millennium are irrelevant to the claims asserted. A party may obtain discovery of any relevant matter, including requests for information that appears "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b).

Other than a blanket statement that the discovery requests are irrelevant, the United States provides no basis for its assertion that Millennium's discovery requests are irrelevant. Millennium, on the other hand, explains the relevance of its requests in relation to its unlawful disclosure claim. Specifically, Millennium contends that the requests involve discovery related to contacts made by the United States to third parties regarding Millennium, to the willfulness and good faith of those disclosures and to information held by the United States related to Millennium. Equally, these requests are directly related to the claim of unlawful disclosure. The contacts with third parties relate to the disclosure of Millennium information to others, willfulness and good faith relate to the alleged violation of the Internal Revenue Code and the information held by the United States regarding Millennium relates to what information may have been disclosed. Hence, the United States has not shown that the information sought is irrelevant to the claim or that it is not reasonably calculated to lead to the discovery of admissible evidence.

The party moving for a protective order bears the burden of showing good cause. Fed.R.Civ.P. 26(c). The United States has not provided a description of specific documents or information being withheld. With-

3. In its response to Millennium's motion to compel production, the United States acknowledges the need for it to produce a privilege log or *Vaughn* Index so that a determination on discovery withholding can be made by the Court. *See Vaughn v. Rosen*, 484 F.2d 820, 823 (D.C.Cir. 1973).

out any description, it is impossible for this Court to determine that the requested information is properly withheld. The United States has not satisfied its burden of showing good cause for a protective order.

Finally, Millennium has moved for an order to compel discovery. To succeed the movant must demonstrate that it has made a good faith attempt to resolve discovery disputes with the party withholding discovery. Fed.R.Civ.P. 37(a)(2). However, certain classes of government information, such as for law enforcement or investigation, as part of the deliberative process or as privileged under work product or attorney-client privilege, may be withheld under the rules of discovery. *Dep't of Homeland Security,* 2006 U.S.App. LEXIS 19603, at *11–13; *Coughlin,* 946 F.2d at 1159–60. While Millennium has met its initial burden, Millennium's discovery requests include information pertaining to a determination that Millennium's Plan is in compliance with the Internal Revenue Code provisions governing employer-funded employee benefit plans. This class of information may involve the deliberative process of the Internal Revenue Service. Millennium has also requested other types of information that may be properly withheld. Because Millennium's discovery requests may include privileged information and because the United States has not given specific grounds for withholding discovery, Millennium's motion to compel should be granted in part and denied in part.

## VI. Conclusion

Because the United States has provided no basis for its motion and has not provided even a description of the items being withheld, its motion for a protective order is DENIED. The Court recognizes that some discovery requests may be exempt from discovery and, therefore, Orders that Millennium's motion to compel production is DENIED in part and GRANTED in part. The United States is ORDERED to produce a privilege log or *Vaughn* Index within 30 days of this order so that the Court may determine whether the United States may withhold the requested information from discovery. The United States is further OR-DERED to produce any documents or information not protected by a privilege within 30 days of this order.